IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:08-cr-20100-STA |
| | ) |
| VINCENT WOODS, | ) |
| | ) |
|     Defendant. | ) |

_____

### ORDER DENYING MOTION TO REDUCE SENTENCE
_____

Before the Court is Defendant Vincent Woods' Motion to Reduce Sentence (ECF No. 54) and Supplemental Motion (ECF No. 66). The United States of America has responded in opposition.[1] For the reasons set forth below, Defendant's Motion and Supplemental Motion are **DENIED**.

### BACKGROUND

The government initiated this case through an indictment on March 8, 2008. A federal grand jury sitting in the Western District of Tennessee charged Defendant Vincent Woods with one count of carjacking in violation of 18 U.S.C. § 2119 and one count of using and carrying a firearm during

---

[1] Defendant filed his initial brief *pro se* on June 22, 2020. Two weeks later on July 8, 2020, the Assistant United States Attorney filed a notice of appearance and a motion to substitute himself for original trial counsel who was no longer an Assistant United States Attorney. The Court granted the motion to substitute, and the Federal Public Defender thereafter filed a notice of appearance on behalf of Defendant. When no other activity occurred in the case for a period of time, the Court ordered the government to respond to Defendant's Motion and denied Defendant's *pro se* motion for appointment of counsel in light of the fact that the Assistant Federal Public Defender had already filed her notice of appearance. The government filed a motion for an extension of time to file its response in November 2020 and eventually filed its brief in December 2020. The Assistant United States Attorney explained that he was called up for military service during the interim between the filing of Defendant's Motion and the time when the Court ordered the government to respond. For good cause shown, the United States' Motion for Extension (ECF No. 63) is **GRANTED**. The Federal Public Defender has filed a Supplemental Motion on Defendant's behalf on January 13, 2021. The government has not responded to the supplemental brief, and the time to do so has now passed.

and in relation to a crime of violence, to wit, the carjacking, in violation of 18 U.S.C. § 924(c). A United States Magistrate Judge appointed counsel and ordered that Defendant be detained pending trial. A grand jury later returned a superseding indictment on July 30, 2008, charging Defendant with six counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951; two counts of carjacking in violation of 18 U.S.C. § 2119; four counts of using and carrying a firearm during and in relation to a crime of violence corresponding to some of the Hobbs Act robberies and carjackings, all in violation of 18 U.S.C. § 924(c); and one count of being a person previously convicted of a felony offense found in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Defendant pleaded guilty to all but two of the charges (two of the four section 924(c) offenses) as part of a plea agreement with the government. *See* Plea Agreement July 22, 2009 (ECF No. 44). On October 26, 2009, the Court sentenced Defendant to a total term of 528 months' incarceration in the custody of the Bureau of Prisons to be followed by three years' supervised release. The Court also ordered Defendant to make restitution in the amount of $17,811.25. *See* Judgment Oct. 29, 2009 (ECF No. 50). Defendant waived his right to appeal the Court's judgment and therefore did not file a direct appeal.

In the Motions now before the Court, Defendant seeks a sentence reduction based on subsequent changes in the law. The Court has considered both of the briefs filed on Defendant's behalf, both his *pro se* filing and the supplement filed by the Federal Public Defender. The Court focuses its analysis on the arguments raised by counsel unless otherwise noted here. Defendant argues that intervening changes in the law regarding how courts impose sentences on section 924(c) convictions warrant a sentence reduction. Back in 2009 the Court sentenced Defendant to 144 months on each of the Hobbs Act robbery convictions, 144 months on the carjacking convictions, and 120 months on the felon-in-possession charge, all to be served concurrently. The Court sentenced Defendant to 84 months on the first of the 924(c) charges, to be served consecutively to the other

sentences imposed, and then "stacked" another 300-month sentence for the second 924(c) charge, also to be served consecutively to the other sentences. The result was an effective sentence of 528 months, or 44 years. Defendant argues that the First Step Act of 2018 changed the law that allowed the Court to "stack" his sentences on the two 924(c) charges and run the sentences consecutively to his other sentences in this way. According to Defendant, if the Court were sentencing him today, Defendant would only get 84 months (and not 300) as a mandatory sentence on the second 924(c) charge. This difference would yield a total term of incarceration of 312 months, or 26 years, a reduction of 18 years on his effective sentence. Defendant argues then that the Court should give him the benefit of this change in the law and effectively reduce his sentence by 216 months or 18 years.

The government has responded in opposition to Defendant's request. Defendant seeks relief under the First Step Act's compassionate release provision but has not shown extraordinary and compelling reasons for a sentence reduction. It is well settled under federal law that previously sentenced defendants did not get the benefit of a reduced penalty owing to subsequent changes in the law. Compassionate release is not available in this circumstance. Even if the Court decided that the disparity in sentencing was grounds for a sentence reduction, the 3553 factors do not weigh in favor of a sentence reduction. The government stresses Defendant's extensive criminal history and propensity for violence. For these reasons, the United States opposes a sentence reduction in this case.

## STANDARD OF REVIEW

The First Step Act gives a sentencing court discretion to "reduce the term of imprisonment" and replace "the unserved portion of the original term of imprisonment" with a term of supervised release. 18 U.S.C. § 3582(c)(1)(A). The Act permits courts to act only on motion of (1) the Bureau of Prisons or (2) the defendant himself after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Exhaustion of all administrative remedies is mandatory. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

Once the defendant has met the exhaustion requirement, the Court must then decide whether "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187 (6th Cir. 2020).[2] At the third final step of the analysis, the Court must determine whether a reduction in sentence is consistent with the factors listed in 18 U.S.C. § 3553(a). *Id.* (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–06 (6th Cir. 2020)). The Court need not address all three factors "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking . . . ." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108, and *Ruffin*, 978 F.3d at 1006).

The Sixth Circuit has now held that the United States Sentencing Guidelines do not contain an applicable policy statement where a motion for compassionate release is filed by the inmate, and not the Bureau of Prisons. *Jones*, 980 F.3d at 1108 ("[Section] 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release."). This means that "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20 (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

---

[2] The statute also permits relief in cases where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." § 3582(c)(1)(A)(ii). The Court finds that this paragraph is not relevant in Defendant's case.

4

## ANALYSIS

The issue presented is whether Defendant is entitled to a sentence reduction based on changes in the law subsequent to his sentencing. As a threshold question, there is no evidence before the Court that Defendant properly exhausted his administrative remedies before filing his *pro se* Motion in June 2020. Defendant filed his initial brief on June 22, 2020. The government filed its response in December 2020 and raised for the first time Defendant's failure to exhaust as a defense. Defendant attached to his supplemental brief a copy of what appears to be his request for relief from the warden at his facility, a request dated November 10, 2020. Defendant did not actually exhaust his administrative remedy then until 30 days had passed from that date, that is, until December 10, 2020. Technically, Defendant failed to exhaust before he brought his initial request for relief to the Court. Be that as it may, Defendant has now exhausted his remedy, and the parties have fully briefed the merits of the issue. Under the circumstances, the Court will find that Defendant has properly satisfied the mandatory exhaustion requirement and will proceed to reach the merits of his request for a sentence reduction.

The Court holds that Defendant has not shown extraordinary and compelling reasons for a sentence reduction. As Defendant correctly points out, the Court sentenced him in 2009 in accordance with the previous version of 18 U.S.C. § 924(c)(1)(C), which at that time required that "[i]n the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to . . . not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i) (2006). The United States Supreme Court had interpreted section 924(c)(1)(C)'s use of the word "conviction" to mean "the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." *Deal v. United States*, 508 U.S. 129, 132 (1993). *Deal* held that the statute's "25-year mandatory-minimum sentence attaches when a defendant is convicted of multiple § 924(c) counts in the same proceeding." *United*

*States v. Richardson*, 948 F.3d 733, 745 (6th Cir. 2020) (citing *Deal*, 508 U.S. at 135–36); *see also United States v. Washington*, 714 F.3d 962, 970 (6th Cir. 2013)).

Congress amended section 924(c)(1)(C) as part of the First Step Act of 2018. Section 403(a) of the First Step Act dropped the phrase "second or subsequent conviction" from section 924(c)(1)(C) and in its place added the following: "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act, § 403(a); *see also* § 924(c)(1)(C). The Sixth Circuit has construed this amendment to mean that "a defendant would, in a general sense, have to be a repeat offender with a prior, final conviction to be eligible for the mandatory enhancement." *Richardson*, 948 F.3d at 745.

However, the First Step Act itself and its amendment to section 924(c)(1)(C) states that it applies "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id*. (citing First Step Act, § 403(b)). The Court of Appeals has construed the Act to mean that "section 403 *shall not apply* to any offense committed before December 21, 2018, (the date the First Step Act became law), if a sentence for the offense *had been imposed* by that date." *Id.* (commenting in dicta that "Congress has, in essence, drawn a line in the sand. Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date cannot.").

Defendant does not argue that he is entitled to the retroactive application of the First Step Act's amendment to section 924(c)(1)(C), an argument the Sixth Circuit's decision in *Richardson* clearly forecloses. Defendant argues instead that the sentencing regime under which the Court sentenced him in 2009, with its "stacking" of section 924(c)(1)(C) convictions, is no longer the law and that were the Court to sentence him today, he would face a significantly lower sentence. This sentencing disparity, Defendant contends, constitutes an extraordinary and compelling reason to reduce his sentence. The Court finds this argument unpersuasive.

The disparity of the sentencing provisions between those then in effect in Defendant's case, and in many others presenting the same features, and now is considerable. However, as the United States points out, the default position is that a new law "does not alter penalties incurred before the new law took effect." *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (en banc); *see also Richardson*, 948 F.3d at 746 (citing the general saving statute, 1 U.S.C. § 109) ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."). The Court concludes then that the general sentencing disparity in cases decided prior to the effective date of the First Step Act and cases decided now is simply not an extraordinary and compelling ground to reduce Defendant's sentence. Such sentencing disparities are inherent to amendments and modifications of criminal penalties under federal law. *Accord United States v. Gatewood*, 807 F. App'x 459, 463–64 (6th Cir. 2020) (affirming "stacking" of 924(c) sentences where defendant was sentenced before the enactment of the First Step Act and observing that "disparities in sentences 'will exist whenever Congress enacts a new law changing sentences' and that "[w]ithholding the benefits of a change from previously sentenced defendants . . . is the general practice in federal sentencing"); *see also United States v. Robinson*, No. 20-5929, 2021 WL 71545, at *1 (6th Cir. Jan. 6, 2021) (finding no abuse of discretion in a district court's denial of a motion for compassionate release and conclusion that "the stacking of [the defendant's] § 924(c) sentences" and the resulting "sentencing disparities in light of the First Step Act" did not constitute extraordinary or compelling grounds); *United States v. Dusenbery*, No. 19-4207, 2020 WL 7315919, at *2 (6th Cir. July 24, 2020) (noting "several recent cases in which defendants have been granted compassionate release in part because they received

7

lengthy, 'stacked' sentences under 18 U.S.C. § 924(c) that would now be much shorter" but finding no abuse of discretion in denying relief)

Defendant cites other recent decisions granting sentence reductions for defendants who were sentenced under the previous version of section 924(c)(1)(C). The Court finds that those decisions are not inconsistent with the outcome in this case. It is true that in some cases the district court found that the sentencing disparity taken together with other individualized factors were extraordinary and compelling grounds for relief. For example, in *United States v. Young*, 458 F. Supp. 3d 838 (M.D. Tenn. 2020), the court granted a motion for sentence reduction based on the First Step Act's changes to section 924(c)(1)(C) as well as the defendant's age (72) and serious chronic health issues like diabetes, hyperlipidemia, hypertension, and cataracts. *Young*, 458 F. Supp. 3d at 848. The same District Judge concluded in a separate case, however, that the First Step Act's elimination of the stacking effect in section 924(c) sentencings was not, standing along, an extraordinary and compelling ground for a sentence reduction. *United States v. Moore*, 481 F. Supp. 3d 703, 711 (M.D. Tenn. 2020) (Trauger, J.). Defendant's case is much more akin to the circumstances presented in *Moore* than in *Young*. Defendant relies almost entirely on the intervening change in the law and amendment to section 924(c)(1)(C). Other than his commendable efforts at post-judgment rehabilitation and the role his drug addiction and an earlier head injury played in his conduct, Defendant has cited no other health concern or other factor to justify relief. The Court finds that Defendant has simply failed to present extraordinary and compelling grounds for a reduced sentence.

## **CONCLUSION**

Defendant has failed to raise extraordinary and compelling grounds for a sentence reduction. Therefore, his Motion is **DENIED**.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  April 21, 2021.